IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WILLIAM C. STOUT, | : | |
| *Administrator of the Estate of* | : | CIVIL ACTION |
| *Earl Stout, deceased,* | : | |
|       **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| AMERICAN FEDERATION OF | : | |
| STATE, COUNTY AND MUNICIPAL | : | No. 08-4621 |
| EMPLOYEES DISTRICT COUNCIL 33, | : | |
|       **Defendant.** | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.**                                                                                                                                                 **January 20, 2009**

      Plaintiff William Stout, administrator of the Estate of Earl Stout, filed a two-count Complaint in the Philadelphia County Court of Common Pleas. Plaintiff alleged that Defendant, American Federation of State, County and Municipal Employees, District Council 33 (AFSCME), violated the Pennsylvania Bad Faith Statute and the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL) by failing to pay insurance benefits upon Earl Stout's death. Defendant removed the case to this Court, arguing that the claims arise under federal law because they are preempted by the Employee Retirement Income Security Act (ERISA). After this Court denied Plaintiff's remand motion, Defendant filed the instant summary judgment motion, arguing that Stout's claims should be dismissed because they are preempted by ERISA. AFSCME also asserts that issue and claim preclusion bar Stout's claims. The Court agrees that Stout's bad faith and UTPCPL claims are preempted by ERISA and those claims are therefore dismissed. However, the Court will permit Stout the opportunity to file an amended complaint alleging an ERISA claim. If he does so, AFSCME may later raise its preclusion arguments.

**I.     BACKGROUND**

Earl Stout became a member of the Executive Board of AFSCME District Council 33 in May, 1970. (Def.'s Mot. for Summ. J. Ex. J [Compl.] ¶ 8.) In March, 1987, the AFSCME Board of Directors voted that all members of the Executive Board of District Council 33 who served two consecutive terms would be entitled to company-sponsored life insurance equal to twice their annual salary. (*Id.* ¶ 9.) Defendant was required to maintain that insurance. (*Id.*) The New York Life Insurance Company issued a group life insurance contract to AFSCME in May of 1987 that included coverage for Earl Stout in the amount of $420,000, which was double Stout's salary. (*Id.* ¶¶ 10-11.) In August, 1988, however, Defendant allowed the coverage to lapse, "effectively becoming the (self) insurer of the lives of its current and past Executive Board Members." (*Id.* ¶ 13.)

Earl Stout stopped working for AFSCME in May, 1988. (*Id.* ¶ 12.) He died on March 14, 2006. (*Id.* ¶ 2.) Soon thereafter, Plaintiff's representative sought to collect benefits due under the policy. (*Id.* ¶ 14.) Defendant told Plaintiff that the beneficiaries of Earl Stout were entitled to a $30,000 insurance payment. (*Id.* ¶ 15.) This lawsuit seeks to capture the life insurance proceeds promised to Earl Stout.

**II.    STANDARD OF REVIEW**

Summary judgment is appropriate when the admissible evidence fails to demonstrate a dispute of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). When the moving party does not bear the burden of persuasion at trial, it may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry its burden of persuasion at trial.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). Thereafter, the nonmoving party demonstrates a genuine issue of material fact if sufficient evidence is provided to allow a reasonable finder of fact to find for the nonmoving party at trial. *Anderson*, 477 U.S. at 248. In reviewing the record, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994). Furthermore, a court may not make credibility determinations or weigh the evidence in making its determination. *See Reeves v. Sanderson Plumbing Prods.*, 530 U.S.133, 150 (2000); *see also Goodman v. Pa. Tpk. Comm'n*, 293 F.3d 655, 665 (3d Cir. 2002).

### III.   DISCUSSION

#### A.   Preemption Under ERISA

ERISA "protect[s] . . . the interests of participants in employee benefit plans and their beneficiaries . . . by providing for appropriate remedies, sanctions, and ready access to the Federal courts." 29 U.S.C. § 1001(b) (2008). "The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). ERISA applies to "any employee benefit plan if it is established or maintained . . . by any employer engaged in commerce." *Deibler v. United Food & Commercial Workers' Local Union 23*, 973 F.2d 206, 209 (3d Cir. 1992) (quoting 29 U.S.C. § 1003(a)). To determine whether a particular policy qualifies as a plan under ERISA, courts must look to the definitions in the statute. An "employee welfare benefit plan" or "welfare plan" is a "plan, fund, or program . . . established or maintained by an employer . . . for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise . . . benefits in the event of sickness, accident, disability,

death or unemployment . . . ." 29 U.S.C. § 1002(1). In the Third Circuit, an ERISA plan is established if "from the surrounding circumstances a reasonable person can ascertain the intended benefits, a class of beneficiaries, the source of financing, and procedures for receiving benefits." *Deibler*, 973 F.2d at 209.

Plaintiff's Complaint, as removed to this Court, consists of two state law claims: a claim under Pennsylvania's bad faith law and one under the Commonwealth's consumer protection law. Although Plaintiff's well-pleaded complaint raises no federal claims, a federal statute that fully displaces a state-law cause of action through complete preemption is an exception to the well-pleaded complaint rule. *Davila*, 542 U.S. at 207. ERISA is such a statute and, since the Court determined that Plaintiff's Complaint falls within the scope of ERISA, removal was proper. *See id*. at 208.

Now, AFSCME urges dismissal of Stout's claims because they are preempted by ERISA. This Court agrees. ERISA's preemption provisions are "expansive." *Davila*, 542 U.S. at 208. ERISA's express preemption clause states that "[e]xcept as provided in subsection (b) of this section, the provisions [of ERISA] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The statute does, however, include a saving clause that excepts from ERISA's preemptive powers those laws that "regulate[] insurance, banking, or securities." 28 U.S.C. § 1144(b)(2)(A).

The Third Circuit has decided that Pennsylvania's bad faith statute, 42 Pa. Cons. Stat. § 8371, is both conflict preempted and expressly preempted by ERISA.[1] *Barber v. Unum Life Insurance*

---

[1] Express preemption exists when Congress enacts a law that explicitly commands that state law be displaced. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 222 (3d Cir. 2001). Conflict preemption occurs when a state law makes it impossible to comply with both state and

4

*Company of America*, 383 F.3d 134, 136 (3d Cir. 2004).  Regarding conflict preemption, the court, relying on *Davila*, held that 42 Pa. Cons. Stat. § 8371 is a state remedy that allows an ERISA-plan participant to recover punitive damages for bad faith conduct by insurers and thus supplements the relief provided under ERISA.  *Id*. at 140-41.  Because the Supreme Court in *Davila* concluded that "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted," the Third Circuit determined that Pennsylvania's bad faith statute must succumb to ERISA.  *Id*. at 140 (quoting *Davila*, 542 U.S. at 209).

The Third Circuit also held, in the alternative, that the Pennsylvania bad faith statute did not "regulate[] insurance," such that it was excepted from ERISA preemption.  *Id*. at 141.  The court's inquiry focused on whether the bad faith statute was specifically directed at insurance entities and whether the statute substantially affected the risk pooling arrangement between the insurer and the insured.  Although the court concluded that the statute was aimed at insurance entities, because the statute did not substantially affect the pooling arrangement between the insurer and the insured, the bad faith statute did not "regulate insurance" within the meaning of ERISA's savings clause.  Therefore, ERISA expressly preempted Pennsylvania's bad faith statute.  *Id*. at 144.

The Third Circuit has not determined whether ERISA preempts the UTPCPL.  Courts in this District, however, have concluded that it does.  *See, e.g., Brown v. Independence Blue Cross*, Civ. A. No. 08-1355, 2008 WL 2805600, at *6 (E.D. Pa. July 21, 2008); *Viechnicki v. Unumprovident Corp.*, Civ. A. No. 06-2460, 2007 WL 433479, at *6 (E.D. Pa. Feb. 8, 2007); *Sparks v. Duckrey*

---

federal law or when the state law stands as an obstacle to the accomplishment and execution of Congress' purposes and objectives.  *Hi Tech Trans, LLC v. New Jersey*, 382 F.3d 295, 303 (3d Cir. 2004).

*Enters., Inc.*, Civ. A. No. 05-2178, 2007 WL 320620, at *5 (E.D. Pa. Jan. 30, 2007); *Tannenbaum v. Unum Life Ins. Co. of Am.*, Civ. A. No. 03-1410, 2006 WL 2671405, at *9 (E.D. Pa. Sept. 15, 2006); *Bartlett v. Pa. Blue Shield*, Civ. A. No. 02-4591, 2003 WL 21250587, at *2 (E.D. Pa. Mar. 31, 2003); *Miller v. Aetna Healthcare*, Civ. A. No. 01-2443, 2001 WL 1609681, at *1 (E.D. Pa. Dec. 12, 2001); *Clancy v. Unum Life Ins. Co. of Am.*, Civ. A. No. 96-1053, 1996 WL 543929, at *3 (E.D. Pa. Sept. 24, 1996). This Court concurs and holds that ERISA preempts the UTPCPL.

### B. Preclusion and Plaintiff's Motion to Amend His Complaint

AFSCME also asserts that prior litigation between the parties warrants dismissal of this case. Apparently, the parties engaged in litigation in state court that, according to Defendant, arises from the same underlying set of facts – the refusal to pay the Stout Estate death benefits in the sum of $420,000 – at issue before this Court. (Def.'s Mem. in Supp. of Mot. for Summ. J. at 6.) Defendant asserts that shortly before the state court litigation was set to go to trial, Plaintiff for the first time raised the issue of Pennsylvania's bad faith statute. Rather than amend his complaint, Stout filed the instant lawsuit in state court, "based on the same underlying facts, against the same defendant," which AFSCME removed to this Court. (*Id*. at 2.) According to AFSCME, Stout's case in this Court is barred by the doctrines of issue and claim preclusion.

Stout does not address this argument in his response. Because the Court has determined that his claims are preempted, the Court now has no claims before it to rule upon the preclusion issues. However, Stout seeks leave to amend his Complaint to "include [a] federal violation." (Pl.'s Mem. of Law in Opp'n of Summ. J. and in Supp. for Leave to Amend Compl. at 3.)

Plaintiff seeks leave to amend his Complaint under Rule 15(a) of the Federal Rules of Civil Procedure. Under Rule 15, "the court should freely give leave when justice so requires." FED. R.

6

CIV. P. 15(a)(2). A court may deny leave to amend based on undue delay, bad faith, dilatory motive, prejudice, and futility. *In re Burlington Coat Factory Sec. Litig.,* 114 F.3d 1410, 1434 (3d Cir. 1997). Here, however, none of these factors are readily apparent. Although AFSCME filed a motion for summary judgment, this case was removed on September 25, 2008, and no discovery has yet occurred. Furthermore, courts in this district have repeatedly allowed plaintiffs whose state law claims were preempted by ERISA to file an amended complaint. *See, e.g.*, *Viechnicki*, 2007 WL 433479, at *6 (citing cases); *Wells v. Genesis Health Ventures*, Civ. A. No. 05-697, 2005 WL 2455371, at *3 (E.D. Pa. Sept. 16, 2005); *Bartlett*, 2003 WL 21250587, at *3; *Miller*, 2001 WL 1609681, at *4. Plaintiff may therefore file an amended complaint.

## IV.     CONCLUSION

Stout's bad faith and UTPCPL claims are preempted by ERISA and are therefore dismissed. Plaintiff may file an amended complaint in accordance with this memorandum if he can do so in good faith. AFSCME may raise its preclusion arguments at a later date if necessary. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **WILLIAM C. STOUT,** | : | |
| *Administrator of the Estate of* | : | **CIVIL ACTION** |
| *Earl Stout*, *deceased*, | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| **AMERICAN FEDERATION OF** | : | |
| **STATE, COUNTY AND MUNICIPAL** | : | **No. 08-4621** |
| **EMPLOYEES DISTRICT COUNCIL 33,** | : | |
| **Defendant.** | : | |

# ORDER

**AND NOW**, this **20th** day of **January**, **2009**, upon consideration of Defendant's Motion for Summary Judgment, and Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. The motion (Document No. 6) is **GRANTED**.

2. Plaintiff may file an amended complaint in accordance with this Court's Memorandum and Order no later than **February 9**, **2009**.

BY THE COURT:

_____
**Berle M. Schiller, J.**