**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM C. STOUT,** | : | |
| *Administrator of the Estate of* | : | **CIVIL ACTION** |
| *Earl Stout, deceased,* | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN FEDERATION OF** | : | |
| **STATE, COUNTY AND MUNICIPAL** | : | |
| **EMPLOYEES DISTRICT** | : | |
| **COUNCIL 33,** *et al.* | : | **No. 08-4621** |
| **Defendants.** | : | |

<u>**MEMORANDUM AND ORDER**</u>

**Schiller, J.**                                                                          **March 31, 2009**

      Plaintiff William Stout, as the administrator of the estate of his father Earl Stout, alleges that

Defendants breached their fiduciary duties under the relevant provisions of the Employment

Retirement Income Security Act (ERISA) by failing to provide William Stout with information

regarding his father's ERISA plans.  After removing the case to this Court, the litigants informed the

Court that they had previously tried a case in state court that adjudicated the liability of Defendant

American Federation of State, County and Municipal Employees District Council 33 (AFSCME)

with respect to money owed to Earl Stout.

      Plaintiff filed an Amended Complaint, which Defendants seek to dismiss as barred by claim

preclusion.  This Court agrees; because this battle has already been fought, the Court grants

Defendants' motion and dismisses this case.

**I.      BACKGROUND**

      On October 3, 2007, Plaintiff sued AFSCME in the Philadelphia County Court of Common

Pleas.  According to the complaint, Earl Stout was a member of the AFSCME Executive Board from May 14, 1970 until May 8, 1988.  (State Ct. Compl. ¶ 8.)  On March 5, 1987, the AFSCME Board of Directors voted that all members of the Executive Board of AFSCME who had served two consecutive terms would be entitled to company sponsored life insurance equal to two times their annual salary.  (*Id*. ¶ 9.)  In May of 1987, the New York Life Insurance Company issued a life insurance contract for Earl Stout in the amount of $420,000, twice Earl Stout's salary.  (*Id*. ¶¶ 13, 15.)  Earl Stout died on March 14, 2006; soon thereafter, Plaintiff's representative made a claim to recover that amount under the life insurance policy.  (*Id*. ¶¶ 2, 19.)  AFSCME asserted that the New York Life Insurance Company contract was no longer in effect and that the benefit Earl Stout was entitled to had been decreased.  (*Id*. ¶ 20.)

A four day trial was held in September of 2008 before the Honorable Sheldon C. Jelin in the Philadelphia County Court of Common Pleas.  On September 18, 2008, Judge Jelin issued findings of fact and conclusions of law, including the following: (1) AFSCME never offered to provide life insurance to Plaintiff's decedent and hence, no contract existed in which defendant agreed to provide life insurance to Plaintiff's decedent; and (2) AFSCME maintained a practice of extending life insurance coverage in the amount of $30,000 to former Executive Board members who had served two consecutive terms.  (AFSCME's Summ. J. Mot. Ex. E [Findings of Fact & Conclusions of Law] ¶¶ 11, 13-19.)  The court entered judgment in favor of Plaintiff in the amount of $30,000.  (*Id*. Ex. D [J.].)  The Court also held that no "competent evidence" supported a claim of bad faith that Plaintiff initially raised shortly before the trial.  Judge Jelin therefore found in favor of AFSCME on that claim.  (Findings of Fact and Conclusions of Law ¶ 24.)  Plaintiff filed a motion for reconsideration and post-trial relief, which Judge Jelin denied on December 5, 2008.  (AFSCME's

Mot. for Summ. J. Ex. I [Order Denying Post-Trial Relief].)

On August 25, 2008, just prior to the start of trial before Judge Jelin, Plaintiff filed another complaint against AFSCME in the Philadelphia Court of Common Pleas.  The second state court complaint alleged statutory bad faith and violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL") based on AFSCME's failure to make payment on its agreement with Earl Stout for life insurance benefits.  On September 23, 2008, AFSCME removed this second state court complaint to this Court based on ERISA.  Plaintiff sought to remand the case, but this Court concluded that removal was proper and that Plaintiff's state law claims for bad faith and violation of the UTPCPL were preempted.  After this Court denied Plaintiff's remand motion, Defendant filed a summary judgment motion on December 12, 2008, arguing that Stout's claims should be dismissed because they were preempted by ERISA.[1]  In a memorandum and order dated January 20, 2009, this Court granted the motion and dismissed Plaintiff's bad faith and UTPCPL claims, but allowed Plaintiff an opportunity to amend his Complaint if he was able to do so in good faith.  On February 9, 2009, Plaintiff filed the Amended Complaint now before this Court.  The Amended Complaint names not only AFSCME, but also the AFSCME Health & Welfare Committee, the AFSCME Executive Board, unknown members of both the Health and Welfare Committee and Executive Board, and Herman J. Matthews Jr., the current President of AFSCME. The lawsuit alleges that Defendants breached their fiduciary duties under ERISA because "Defendant refused, and still refuses, to furnish summary plan description[s] . . . Defendants have routinely refused to deliver upon Plaintiff a plan summaries [*sic*] for Executive Board Plan and Employee Plan

---

[1] This was the first time the Court learned of the state court action.  Inexplicably, AFSCME did not seek to bar the second state court action while in state court.  Instead, it removed the case, needlessly involving this Court and prolonging this litigation.

and written instrument upon which each plan was created." (Am. Compl. ¶¶ 22, 28.) Plaintiffs seek equitable relief "in the form of money paid to the Plan and its participants and beneficiaries" as well as costs and attorneys' fees. (*Id. ad damnum* clause.)

## II.    STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs., Inc.*, 237 F.3d 270, 272 (3d Cir. 2001). A court should accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A court need not credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007). Simply reciting the elements will not suffice. *Id*. at 231.

When faced with a motion to dismiss for failure to state a claim, courts may consider the

allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim. *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004). A district court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss, if the plaintiff's claims are based on the document. *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

"The defense of claim preclusion . . . may be raised and adjudicated on a motion to dismiss and the court can take notice of all facts necessary for the decision . . . ." *Toscano v. Conn. Gen. Life Ins. Co.*, 288 F. App'x 36, 38 (3d Cir. 2008) (citations omitted). "Specifically, a court may take judicial notice of the record from a previous court proceeding between the parties." *Id*. The burden rests with the party asserting the defense of claim preclusion. *See Gen. Elec. Co. v. Deutz AG*, 270 F.3d 144, 158 (3d Cir. 2001).

## III.    DISCUSSION

### A.    General Principles of Res Judicata

Defendants argue, *inter alia*, that the doctrine of res judicata bars the lawsuit currently before this Court. More specifically, Defendants claim that Plaintiff's Amended Complaint simply recasts his previous claims that AFSCME mishandled his claims by paying a smaller amount than he requested and acting in bad faith. (Def.'s Mem. in Supp. of Mot. to Dismiss at 13-18.)

Claim preclusion bars claims that could have been brought in a prior action as well as those that were in fact brought in a prior action. *Gregory v. Chehi*, 843 F.2d 111, 116 (3d Cir. 1988) (Res judicata, or claim preclusion, "prevents a party from prevailing on issues he might have but did not assert in the first action."); *see also Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 963 (3d Cir. 1991)

(recognizing trend requiring plaintiff to bring all potential claims arising out of single occurrence in one action). The doctrine promotes judicial economy by protecting parties from the burdens that would accompany litigating the same lawsuit multiple times. *See Post v. Hartford Ins. Co.*, 501 F.3d 154, 169 (3d Cir. 2007).

The Full Faith and Credit statute, 28 U.S.C. § 1738, requires this Court to give a prior state court judgment the same effect as would the adjudicating state. Since a Pennsylvania court rendered the previous judgment at issue here, this Court must consult Pennsylvania law on preclusion. *See Gregory*, 843 F.2d at 116. Pennsylvania courts apply claim preclusion to subsequent actions if the two actions share an identity of the: (1) thing sued on; (2) cause of action; (3) persons and parties to the action; and (4) quality or capacity of the parties suing or sued. *Id*. (citations omitted). Although all four prongs should be examined, Pennsylvania courts caution against applying them too literally. *See Radakovich v. Radakovich*, 846 A.2d 709, 715 (Pa. Super. Ct. 2004) ("The purposes behind the doctrine, which bars the re-litigation of issues that either were raised or could have been raised in the prior proceeding, are to conserve limited judicial resources, establish certainty and respect for court judgments . . . . In keeping with these purposes, the doctrine must be liberally construed and applied without technical restriction.").

### B.  Identity of Subject Matter

"Isolating the alleged wrongful act is critical to the first requirement-identity of subject matter." *Gregory*, 843 F.2d at 116. Defendants' purported failure to pay Earl Stout's estate proper benefits underlies both the prior state court litigation and the Amended Complaint now before this Court. According to the Amended Complaint, on March 30, 2006, "Plaintiff's representative contacted and made claim upon Defendant for all insurance benefits including Employee Plan and

Executive Board Plan and owing to him upon Decedent Earl Stout's death." (Am. Compl. ¶ 21.) This is precisely the "thing sued on" in his previous state court complaints. (State Ct. Compl. ¶ 19; Sec. State Ct. Compl. ¶ 14.) Although framed as an ERISA breach of fiduciary duty case, Plaintiff's claim emanates from Defendants' failure to pay benefits to the estate of Earl Stout. That matter has been tried to judgment.

Indeed, Plaintiff's state court complaint alleged that "Plaintiff's representative contacted and made claim upon Defendant for insurance benefits due under decedent's employment benefits contract/agreement with the Defendant" and that "Defendant owed a duty to Decedent to properly advise him of any changes in the terms and conditions of his employee benefits contract/agreement including the terms and availability of the life insurance program." (State Ct. Compl. ¶¶ 19, 21.) Plaintiff also alleged that AFSCME refused to provide proof that they lowered the amount of life insurance benefits to which Earl Stout was entitled. (Id. ¶¶ 22-23.) These allegations were tried before Judge Jelin. He concluded that "there was no contract in existence for defendant to provide life insurance to plaintiff's decedent" but that "[AFSCME] did have a practice to extend life insurance coverage of $30,000.00 to former members of the Executive Board who had served two consecutive terms." (Findings of Facts and Conclusions of Law ¶¶ 15, 17.) Because Earl Stout fell within that category of individuals, Judge Jelin concluded that the plaintiff was entitled to $30,000. (Id. ¶ 18.) He also concluded that the plaintiff failed to put forth evidence of bad faith and thus found in favor of AFSCME on that claim. (Id. ¶ 24.) Shortly thereafter, Judge Jelin denied the plaintiff's request for post-trial relief. Plaintiff's Amended Complaint covers the same route the litigants have recently traveled – it just does so using ERISA. Claim preclusion would be a toothless doctrine if plaintiffs could circumvent the doctrine by asserting an identical claim under a different

name.

While the Amended Complaint sets forth numerous provisions of ERISA and what those provisions require, the Amended Complaint alleges only that Defendants refused to "furnish summary plan description [*sic*] for either it [*sic*] Executive Board Plan and Employee Plan albeit Defendants informed Plaintiff that Decedent was entitled to $30,000 death benefit through its Executive Board Plan" and "[f]or almost two years, Defendants have routinely refused to deliver upon Plaintiff a plan summaries [*sic*] for Executive Board Plan and Employee Plan and written instrument upon with [*sic*] each plan was created in violation of there [*sic*] fiduciary responsibility." (Am. Compl. ¶¶ 22, 28.)  For a lawsuit to proceed based upon the allegations in the Amended Complaint, this Court would be required to retry the state court's decision that Plaintiff was entitled to $30,000.  That judgment has been paid and Plaintiff cannot now ask this Court to award additional damages based upon the same underlying subject matter.

This conclusion is not altered because Plaintiff seeks equitable relief from this Court, rather than, or in addition to, money damages.  "The fact that different remedies are pursued is not significant [for purposes of res judicata]."  *Brown v. City of Phila.*, Civ. A. No. 99-4901, 2001 WL 884555, at *7 (E.D. Pa. July 31, 2001); *see also Gregory*, 843 F.2d at 118 ("It is not significant that the relief obtainable in the two forums varies to some degree.")  Furthermore, although the Amended Complaint is somewhat opaque about the relief sought, Plaintiff seeks "equitable relief in the form of money paid to the Plan and its participants and beneficiaries for violating their duties as fiduciaries and co-fiduciaries."  (Am. Compl. *ad damnum* clause.)  This requested relief is similar to that requested by Plaintiff in state court.  (*See* State Ct. Compl. (seeking monetary damages of $420,000) & Sec. State Ct. Compl. (seeking damages in excess of $50,000 for bad faith in failing

8

to pay on agreement).)

### C.    Identity of Cause of Action

In addition to identity of subject matter, the two lawsuits must share an identity of cause of action or claim. *Gregory*, 843 F.2d at 117. To determine whether causes of action are identical for purposes of res judicata, courts examine whether: (1) the acts complained of and the demand for relief are the same; (2) the theory of recovery is the same; (3) the witnesses and documents necessary at trial are the same; and (4) the material facts alleged are the same. *See O'Leary v. Liberty Mut. Ins. Co.,* 923 F.2d 1062, 1065 (3d Cir.1991). With respect to this prong, "res judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims" rather than the particular legal theory asserted. *Davis v. U.S. Steel Supply*, 688 F.2d 166, 171 (3d Cir. 1982). "'Claim' is defined broadly in transactional terms, regardless of the number of substantive theories advanced in the multiple suits by the plaintiff." *Gregory*, 843 F.2d at 117. Furthermore, "[m]ultiple claims do not arise solely because a number of different legal theories deriving from a specific incident are used to assert liability." *Id*. A party cannot evade the doctrine of claim preclusion by asserting different rights arising from the same transaction or series of connected transactions that gave rise to the initial lawsuit. *See Brown*, 2001 WL 884555, at *8 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 24(1) (1982)).

As noted above, the acts complained of in this litigation are identical to those previously litigated. Although Plaintiff asserts here that he was not provided with certain documents to which he was entitled, this litigation centers around AFSCME's failure to properly pay benefits to the estate. Suing under ERISA does not alter the fact that Plaintiff is complaining about the same acts previously litigated. Additionally, this lawsuit relies upon the same theory previously presented by

Plaintiff – that AFSCME owed Plaintiff $420,000 and the failure to pay that amount constituted bad faith and a breach of Defendants' fiduciary duties.  All of the complaints Plaintiff has filed arose out of this single occurrence and center around the same material facts.  Finally, the witnesses and documents required here would be the same as those needed in the state court action – persons who could testify about Earl Stout's entitlement to certain benefits and documents related to the benefits AFSCME offered to Executive Board members.

Plaintiff contends, in his two-and-a-half page response to Defendants' motion to dismiss, that not only are the claims in his ERISA lawsuit "wholly different" from those in his prior lawsuit, but that the underlying events are separated by over twenty years.  (Pl.'s Mem. of Law in Opp'n of Def.'s Mot. to Dismiss at 2.)  This contention mischaracterizes the proceedings in the state court.  The state court determined that Plaintiff was entitled to $30,000 as a result of AFSCME's practice of maintaining life insurance for former board members and rejected Plaintiff's charge that he was entitled to more upon the death of Earl Stout in 2006.  Thus, the events underlying the original claim stem from the failure to pay benefits that came due in 2006, even though the Court was required to examine AFSCME's practices in the 1980s.  Plaintiff's Amended Complaint now seeks to hold Defendants liable for their actions in failing to fulfill their fiduciary duties subsequent to Earl Stout's passing in 2006.  Both claims rest on the same basic premise that, according to Plaintiff, Defendants failed to pay a proper benefit to Earl Stout's estate.

The facts of this case are similar to those of *Depasquale v. John Alden Life Insurance Company*, Civ. A. No. 92-899, 1992 WL 296727 (D. Md. Sept. 1, 1992).  In *Depasquale*, the plaintiff filed a claim with his insurance carrier after he sustained injuries in a motorcycle accident. The insurance company denied the claim and Depasquale filed a lawsuit in Maryland state court,

alleging that the defendant breached its contract by refusing to pay benefits under an employee welfare benefit plan.  The action was removed to federal court and eventually dismissed because ERISA preempted the plaintiff's state law claims and because the plaintiff failed to bring his claims under ERISA.  Seven months later, Depasquale filed a new action that was virtually identical to the first action but included an ERISA claim.  The court held that the doctrine of res judicata barred the second lawsuit and therefore granted a motion to dismiss.  *Depasquale*, 1992 WL 296727, at *2; *see also Hrabe v. Paul Revere Life. Ins. Co.*, 76 F. Supp. 2d 1297, 1300-04 (M.D. Ala. 1999) (deeming ERISA lawsuit to recover benefits and for breach of fiduciary duty barred by claim preclusion because court previously issued final judgment on the merits based on breach of contract and breach of good faith and fair dealing claims; factual predicate underlying second lawsuit was similar to first lawsuit); *Duran v. Resdoor Co.*, 977 S.W.2d 690, 692-93 (Tex. App. 1998) (affirming trial court decision to dismiss ERISA case on res judicata grounds because previous lawsuit sought same benefits through wrongful termination action).

The *Depasquale* case was relied upon by a court in this District in *Simmons v. Anzon, Inc.*, Civ. A. No. 94-0467, 1994 WL 317853 (E.D. Pa. June 21, 1994).  The plaintiff in *Simmons* filed a negligence lawsuit in state court alleging he was due certain life insurance benefits because of the decedent's status as an employee of the defendant.  The defendant removed the case to federal court based on ERISA.  The case was dismissed for failure to state a claim and more than a year later the plaintiff filed a second case virtually identical to the first claim.  The court granted a motion to dismiss the second action because it was barred by the doctrine of res judicata.  The court noted that a change in legal theory did not create a new cause of action and that "the initial judgment is final, not only as to every matter which was put forth by the parties, but as to any other admissible matter

which might have been presented." *Simmons*, 1994 WL 317853, at *4 (citing *County of Lancaster v. Phila. Elec. Co.*, 386 F. Supp. 934, 937 (E.D. Pa. 1975)).

Finally, when a plaintiff relies on both state and federal law in his multiple actions, such as in the instant case, the Restatement recommends claim preclusion if the first court to address the claim had jurisdiction to address the omitted claim. *See Gregory*, 843 F.2d at 117 (citing RESTATEMENT (SECOND) OF JUDGMENTS § 25 (1982)). Plaintiff attempts to evade claim preclusion by suing under ERISA's fiduciary duty provisions, over which the federal courts maintain exclusive jurisdiction. *See* 29 U.S.C. § 1132(e). But Plaintiff's Amended Complaint rests on the failure to pay benefits, a claim over which state courts have concurrent jurisdiction with federal courts. *Id*.

**D.      Identity of Parties**

A shared identity of parties must also be present for claim preclusion to apply. *Gregory*, 843 F.2d at 119. This encompasses not only the parties in the prior litigation, but also those in privity with those parties. *Wilkins v. Rozum*, Civ. A. No. 06-203, 2008 WL 3833418, at *6 n.4 (W.D. Pa. Aug. 14, 2008) (citing *Day v. Volkswagenwerk Aktiengescellschaft*, 464 A.2d 1313, 1317 (Pa. Super. Ct. 1983)).

Since both lawsuits name AFSCME as a Defendant there is clearly a shared identity of parties with respect to AFSCME. The Amended Complaint also names additional Defendants, all of whom are closely tied to AFSCME. In addition to AFSCME, the Amended Complaint names: (1) the AFSCME Executive Board, which is "the governing body of AFSCME District Council 33;" (2) unknown members of the AFSCME Executive Board; (3) the AFSCME Health and Welfare Committee, which "sets policy of the Health and Welfare Plan with the approval of the Executive Board;" (4) unknown members of the Health and Welfare Board; and (5) Herman J. Matthews, who

"had been on the Executive Board prior to Decedent's retirement and is the current President of AFSCME District Council 33." (Am. Compl. ¶¶ 6, 8, 10.) These individuals and entities are closely involved with AFSCME and, though they do not present a strict identity of parties, the lawsuit seeks to hold these additional Defendants liable in their capacities as employees and committees of AFSCME. Therefore, the additional Defendants contained in the Amended Complaint do not foreclose applying claim preclusion to the federal action. *See Guiles v. Metro. Life Ins. Co.*, Civ. A. No. 00-5029, 2001 WL 1454041, at \*\*2-3 (E.D. Pa. Nov. 13, 2001) (applying res judicata to bar second lawsuit under ERISA and concluding that committee and plans named in second lawsuit comprised solely of officers of corporate defendant maintained sufficiently close relationship for second lawsuit to be barred); *see also Slaughter v. AT & T Info. Sys., Inc.*, 905 F.2d 92, 94 (5th Cir. 1990) (barring ERISA lawsuit on res judicata grounds; adding ERISA plan to second lawsuit did not preclude applying doctrine because plan was nominal defendant and lacked existence apart from employer); *but see Kirby v. TAD Res. Int'l, Inc.*, 95 P.3d 1063, 1072 (N.M. Ct. App. 2004) (ERISA lawsuit not barred; independent third party that provided insurance policy and acted as fiduciary should not necessarily be treated as same party as plan or in privity with plan). Here, none of the added Defendants are independent third parties but rather they are closely related to – if not indistinguishable from – AFSCME. Thus, this Court concludes that the added Defendants share an identity with AFSCME sufficient to render claim preclusion applicable to Plaintiff's Amended Complaint.

### E.    Identity of Capacity

The identity of capacity prong is of questionable viability under Pennsylvania law. *See Wilkins*, 2008 WL 3833418, at \*6 (citing *Mintz v. Carlton House Partners, Ltd.*, 595 A.2d 1240 (Pa.

13

Super. Ct. 1991)).  Nonetheless, it is satisfied here.  All of the Defendants here are sued in their capacity as entities related to AFSCME or, in the case of Matthews and the unknown board members, as agents of AFSCME.  Mindful of the directive that "[t]he rule [of res judicata] should not be defeated by minor differences of form, parties or allegations, when these are contrived only to obscure the real purpose - a second trial on the same cause between the same parties," the Court concludes that this prong is satisfied.  *See id.* (quoting *Hochman v. Mortgage Fin. Corp. of Pa.*, 137 A. 252, 253 (Pa. 1927)).

## IV.    CONCLUSION

A party cannot save claims for a rainy day.  Because res judicata bars Plaintiff's Amended Complaint as a result of the final judgment entered in state court in his previous litigation against AFSCME, the Court grants Defendants' motion to dismiss.  An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **WILLIAM C. STOUT,** | : | |
| *Administrator of the Estate of* | : | **CIVIL ACTION** |
| *Earl Stout, deceased,* | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN FEDERATION OF** | : | |
| **STATE, COUNTY AND MUNICIPAL** | : | |
| **EMPLOYEES DISTRICT** | : | |
| **COUNCIL 33,** *et al.* | : | **No. 08-4621** |
| **Defendants.** | : | |

**ORDER**

     **AND NOW**, this **31**st day of **March**, **2009**, upon consideration of Defendants' Motion to

Dismiss, Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

    1.       Defendants' motion (Document No. 15) is **GRANTED**.

    2.       Plaintiff's Amended Complaint is **DISMISSED**.

    3.       The Clerk of Court is directed to close this case.

                                    BY THE COURT:

                                        _____

                                      **Berle M. Schiller, J.**